# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | | |
|---|---|---|
| **JIMMY A. NORRIS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:09-0333 |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| | ) | |
| Respondent. | ) | |

### **PROPOSED FINDINGS AND RECOMMENDATION**

On April 2, 2009, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner argues that the Bureau of Prisons [BOP] is improperly denying him a sentence reduction pursuant to 18 U.S.C. § 3621. (Id., pp. 6 - 13.) Petitioner explains that the BOP is improperly denying him early release under RDAP based upon his conviction for "Possession of a Firearm By a Convicted Felon."[2] (Id., p. 3.) Petitioner contends that "Program Statement 5162.04, which was used by the BOP to deny him eligibility for early release, is itself invalid and cannot be used to deny him eligibility for release." (Id., p. 5.) Petitioner asserts that the BOP is improperly categorizing his felon in possession of a firearm conviction as a crime of violence without considering the circumstances surrounding his

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On May 3, 2006, Petitioner pled guilty in the United States District Court for the Western District of Kentucky to one count of possession of a firearm by a convicted felon (Count One), in violation of 18 U.S.C. § 922(g)(1). On September 6, 2006, the District Court sentenced Petitioner to a 63-month term of imprisonment to be followed by a three year term of supervised release. *United States v. Norris*, Case No. 1:06-cr-0003 (W.D.Ky. Sept. 6, 2006). The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on August 3, 2010.

conviction. (Id., p. 6.) Petitioner states that "since there are no aggravating circumstances charged in the indictment, [his conviction] should not be defined as a 'crime of violence.'" (Id.) Accordingly, Petitioner requests that the Court "order the BOP to reconsider the Petitioner's request for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B) without regard to Program Statement 5162.04." (Id., p. 9.)

As Exhibits, Petitioner attaches the following: (1) A copy of Department of Justice's "Property Inventory/Forfeited Property Appraisal Report" dated August 12, 2005 (Id., p. 11.); (2) A copy of the Department of Justice's "Report of Investigation" (Id., p. 12.); and (3) A copy of "KSP Records" (Id., p. 14.).

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

An incarcerated convict's (or a parolee's) challenge to the validity of his conviction

> always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences,[3] and therefore, his Section 2241 Application must be dismissed.[4] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal

---

[3] Furthermore, Petitioner acknowledges that he failed to exhaust his administrative remedies. (Document No. 1, pp. 1 - 2.)

[4] The undersigned further notes that Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. *See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: May 7, 2012.

R. Clarke VanDervort
United States Magistrate Judge